**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

**PETER J. MESSITTE**  6500 CHERRYWOOD LANE
**UNITED STATES DISTRICT JUDGE**  GREENBELT, MARYLAND 20770
  301-344-0632

## MEMORANDUM

TO:  Counsel/Parties of Record

  Michael Petway
  7910 Fox Lair Ct
  Clinton, MD 20735

FROM:  Judge Peter J. Messitte

RE:  <u>Petway v. Doyle Printing & Offset Company, Inc.</u>
  Civil No. 12-3731

DATE:  October 28, 2013

* * *

The Court is in receipt of Michael Petway's Motion for Stay of Judgment Entered on August 15, 2013 (Paper No. 43) and his Notice of Appeal (Paper No. 46), both of which Petway filed *pro se*, even though at the time he was still represented by counsel. In the interim, Petway's counsel has filed a Motion to Withdraw Appearance (Paper No. 44). The Court has granted that Motion. Accordingly, the Court advises Petway that he is now proceeding *pro se*.

Petway's Notice of Appeal seeks leave to withdraw his Motion for Stay of Judgment. The Court will **GRANT** Petway's Motion to Withdraw contained in the Notice of Appeal. The Motion for Stay of Judgment Entered on August 15, 2013 (Paper No. 43) shall be deemed **MOOT.**

Petway's Notice of Appeal also seeks leave of this Court to proceed on appeal. Federal Rule of Appellate Procedure 3 governs how an appeal as of right is taken. While a party must file a notice of appeal with the district court, the district court does not, in turn, authorize the party to proceed with its appeal. Fed. R. App. Proc. 3. That is a matter for the Court of Appeals to decide. Accordingly, no further action is required by the Court on Petway's Notice of Appeal.[1]

Doyle Printing & Offset Company, Inc. has filed a Motion to Dismiss and/or Strike Plaintiff's Notice of Appeal (Paper No. 50). Again, however, any objection to the form or timeliness of a notice of appeal should be made by a motion to dismiss the appeal, addressed to the court of appeals in the exercise of its jurisdiction that attached upon the filing of the notice. 16A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure Jurisdiction § 3949.1 (4th ed.); *see also Sagone*

---

[1] Petway has not requested an extension of time to file his appeal pursuant to Federal Rule of Appellate Procedure 4(a)(5). Moreover, even if his Notice of Appeal were construed as a Motion for Extension of Time, it was filed more than sixty days after the entry of the Final Order of Judgment, and pursuant to Fed. R. App. Proc. 4(a)(5)(A), the Court would lack the authority to grant an extension.

*v. Florence Cnty. Det. Ctr.*, No. 94-7255, 1995 WL 354871, at *1 (4th Cir. June 14, 1995) ("Because the appeal by that time was docketed in this Court, however, the magistrate judge lacked jurisdiction to dismiss the appeal, and the order vacating the notice of appeal is of no effect."); *U.S. v. Hitchmon*, 602 F.2d 689, 692 (5th Cir. 1979) ("After the appeal is docketed, dismissal may be effected only by the court of appeals."). Accordingly, the Court is constrained to **DENY** the Motion to Dismiss.[2]

Despite the informal nature of this ruling, it shall constitute an Order of the Court and the Clerk is directed to docket it accordingly.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

Cc:    Court File

---

[2] The Court's denial here is in no way intended to address the merits of Doyle's Motion.