IN THE UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT



No.-13-2260

(8-12-cv-03731-PJM)

MICHEAL PETWAY,

       Plaintiff – Petitioner,

vs.

DOYLE PRINTING & OFFSET COMPANY, INCORPORATED,

       Defendant- Respondents

## MOTION AND OR PETITION FOR LEAVE TO FILE \PETITION FOR REHEARING EN BANC OUT OF TIME

COMES NOW the petitioner, Micheal Petway, pro se, and moves this court pursuant to the First amendment's right to petition the Government for a redress of grievances; the due process and equal protection clauses of the Fifth and

1

Fourteenth Amendments. And respectfully move this honorable court to grant the Petitioner leave to file his appeal for appeal en banc out of time.

In support of his motion the petitioner shows the following.

PRELIMINARY STATEMENT

The petitioner bring this action before this honorable court arising from the unlawful, unfair and unjust suspension and termination from his employment. The petitioner was accused of insubordination to his supervisor; after having inquired about the whereabouts of an employee/union member. The petitioner being **a SHOP STEWARD** ,(in the local teamsters union), lawfully selected and voted for by the members of local 72C of the teamsters union. The petitioner had the **right and obligation to protect the interest of both the employers and the UNION members.**

**2).The petitioner's hearing was oppressive,** unjust, unfair and lacking of procedure due process. In that during petitioner's hearing he was charged with insubordination to his foreman; however, during his hearing the Respondents talked and discussed any and everything except insubordination.  (a). the Petitioner was provided a hearing in which he was supposed to defend himself against an accusation made by defendant, (Mr. Mike Doyle). However, during the course of the hearing 90% of his hearing, the entire focus of the hearing was contributed to whether petitioner was insubordinate to Mr. Doyle's disciplinary report provided to the hearing committee' (the Joint Standing Committee). Once the appellees found that the ACCUSATIONS made by his foreman was a complete fabrication and or a personal set of invented facts contrary to what occurred; Mr. King then ordered the committee to disregard the entire accusation of Mr. Doyle, and requested that the hearing now be focus upon what had occurred in his office after the incidence.

3). After the joint standing committee, (JSC); was told to disregard the fabricated disciplinary report written by petitioner's foreman, (Mr. Mike Doyle), Mr. King directed the JSC to look into another accusation. This charge was nothing less than a new set of invented facts created in the mind of Mr. King and presented to

2

the JSC, to justify the false accusation against petitioner by Mr. Doyle. The appellee offered Mr. Eric Postell as the only supportive witness to Mr. King's statement. Mr. Postell was asked a single question. One member of JSC asked Mr. Postell: "do you think Petway was insubordinate. Mr. Postell responded. I do.

4).(Absolutely) no one attempted to show nor did they prove that any such thing as insubordination exist or occurred. Nevertheless, the petitioner was terminated from his occupation without procedure due process of the law.

5).The individual petition have not as of today had an opportunity for his case to be heard in open court. The petitioner has attempted to keep his litigation before the court on his owns when he could not afford an attorney. Although he knew that he was not skilled in the science of law; because he have been told by Lawyers that "only a fool would go into court without a lawyer". The petitioner did not and do not seek to come before the court as a fool. He has retained lawyers whenever possible. Nevertheless, the petitioner has never come before the honorable court late and or out of time. Even this honorable Court can check with the clerks of court and they will attest to the fact that your petitioner while proceeding pro se, he has never come in the court out of time and late for any reason.

6).Notwithstanding the fact that absolutely not a single word was presented to the joint standing committee to insinuate insubordination; and not an iota of evidence was presented to the JSC that petitioner was insubordinate. The petitioner continued to request any and all information and evidence that the JSC relied upon to uphold termination. He was denied access to any of the documents, and other evidence. Finally the petitioner sought the court's assistance by way of a petition for a writ of mandamus. Since the petitioner had not exhausted his remedy with the National Labor Relation Board, (NLRB). Petitioner moved the court to set aside his petition until he had moved the NLRB to provide him with the document and evidence that was used by the JSC. The court granted petitioner's motion to set aside. The NLRB denied petition request for the information.

Finally as of today no one has provided petitioner with any evidence, documents, and information as to what the JSC relied upon to reach its conclusion.

Case History

1). On or about August 23, 2013 petitioner was informed by his counsel, (Ms. Adra O'Neal), that the court had dismissed his case for lack of jurisdiction, for not exhausting administrative remedies; because petitioner fail to mention specific things in his EEOC's charge. See exhibit No. (1). entitled <u>final order of judgment</u> Attorney Adra O'Neal ceased and or ended her representation of petitioner case.

2). On or about September 03, 2013 the petitioner filed, a motion, pro se, in the U. S. district court of Maryland entitled "MOTION FOR STAY OF JUDGMENT ENTER ON AUGUST 15, 2013; in which he sought opportunity to employ counsel to prosecute his appeal and protect his rights. See exhibit No. (2).

3).On or about September 19, 2013 defendants responded to plaintiff's motion for stay of judgment. See exhibit No.3: entitled Response to plaintiff's motion for stay of judgment entered on august 15,2013.

4). On or about October 03,2013 plaintiff/Petitioner was given a consultation with an attorney: Mr. Alan LESCHT. See exhibit No. 4.

5).On or about October 15, 2013 Petitioner filed a notice of appeal. In his notice of appeal; appellant/petitioner moved the court to withdraw his motion for stay of judgment … etc. etc. see exhibit No. 5.

6). On or about October 18, 2013 the defendants/appellees filed a motion to dismiss and or strike plaintiff's notice of appeal: see exhibit No. 6

7).On or about October 24, 2013 Petitioner employed counsel to represent him on appeal. See exhibit No.7

4

8).On or about October 28, 2013 the court dismissed defendant's motion to dismiss. See exhibit No. 8

9). On about November 21, 2013 Petitioner counsel filed a opposition to defendant's motion to dismiss and/or strike notice of appeal in the court of appeals. See exhibit 9

10). On or about January 21, 2014 Petitioner received an order from his counsel in which a court order granting appellee's motion to dismiss. See exhibit No.10.

REASONS for granting this petition:

On or about September 3, 2013, petitioner filed in the U.S. District Court a motion to stay judgment requesting the court to stay his judgment until he, (petitioner), could employ counsel. A lawyer told petitioner that he had to file a motion to stop the judgment so petitioner filed a motion to stay.

This petitioner was not told by his counsel; nor was he informed by the court that he, (petitioner), had a specific time for which he must file a notice of appeal.

The petitioner was and is at all times mentioned herein a citizen of both the state of Maryland and of the United States. He was lawfully employed at Doyle Printing INC with respect Maryland's Labor Laws, rules and regulations. The petitioner was also a Shop Steward on his job lawfully voted in by the teamsters Union No. 72C within the lawful guidelines of " Title 29 USC of the Labor Relations Act".

2).On the day and time in question concerning the issue at hand; the individual petitioner, while acting in his official capacity as a union shop steward the petitioner went to his foreman and inquired into the whereabouts of a member which the petitioner did not see. The petitioner did not stand and engage in any argument with his foreman as was alleged. The State of Maryland Department of

5

Labor held a hearing and inquired into the subject matter; the administrative court asked Mr. King, (operational manage), :

   a).Did Mr. Petway stop work? <u>Respondent replied NO</u>

b).Did Mr. Petway refused to go back to work? <u>The respondent replied NO.</u>

c). Did Mr. Petway DISRESPECT anyone? The <u>respondent replied NO.</u>

d). Did Mr. Petway threaten anyone? The respondent replied YES. The Administrative Judge asked respondent who did he, (petitioner), threaten. <u>The respondent replied that petitioner did</u>. The Administrative Judge then asked the respondent, (Mr. King),who did Mr. Petway threaten. Mr. King replied that he, (Mr. Petway), threaten to go to the National Labor Relation Board. The Administrative judge told Mr. King that: "Mr. Petway has a right to go to the labor board". The judge asked Mr. King again; did Mr. Petway threaten anyone. Mr. King replied no.... the Administrative judge Mr. King where is the insubordination. Mr. King did not respond. see exhibit No. 11a and 11b 11c 11D 11E 11F


The petitioner was terminated from his employment on the sole grounds of fabricated statements made by the respondents. Yet he have never had an opportunity to a fair and impartial hearing to prove his innocent. The courts have long held that "no characteristic of organized and cohesive society is more fundamental than its erection and enforcement of system of rules defining various rights and duties of its members ... procedure due process at minimum, requires,(if a hearing is held at all), a fair and impartial hearing; which the petitioner did not have. See <u>Boddie v.Conn. 401 us 371.</u>


Wherefore, for foregoing reason and any other, petitioner prays that this honorable court will grant petition. The petitioner have sought to be and have been on time with all his litigation when he knew of any time he was required to have it in. The petitioner would also move the court to acknowledge the fact that the court have said that: "<u>One who is his own lawyer has a fool for a client</u>", <u>see</u>

6

<u>Faretta v Cal</u>.45 L.ED2d 562. <u>Petitioner does not want to make a fool of himself; so he sought and obtained a counsel</u>. The petitioner was not personally responsible for him filing out of time. The petitioner believe that he will prevail on appeal.

The petitioner declares under penalty of perjury that the foregoing stated facts are true and correct to the best of his belief and knowledge

Date: Feb 15   2014

Respectfully Submitted

*Micheal Petway*

Micheal Petway

7910 Fox Lair Ct

Clinton, Maryland 20735

Michael Petway

7910 Fox Lair Ct.

Clinton, Maryland 20735

## PROOF OF SERVICE

I, Michael Petway, do hereby certify that a true and correct copy of the foregoing **MOTION AND OR PETITION FOR LEAVE TO FILE \PETITION FOR REHEARING EN BANC OUT OF TIME** August 15, 2013 has been duly served upon the defendants by placing same in the U.S. mail postage prepaid addressed to:

Craig M. Palik, Esq.
McNamee Hosea Jernigan, Kim, Greenan & Lynch, P.A.
6411 Ivy Lane, Suite 200
Greenbelt, MD 20770
Phone: (301) 441-2420
Fax: (301) 982-9450
Email: cpalik@mhlawyers.com

This __15__ day of __Feb.__ 2014

Michael Petway

I, Michael Petway, declare under penalty of perjury that the foregoing stated facts are true And correct to the best of his knowledge and belief

Michael Petway

Michael Petway